UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

CREED PATRICK COVLIN,

Defendant.

CASE NO. 20-cr-5285

ORDER

This matter is before the Court on Defendant Creed Covlin's motion for early termination of supervised release. Dkt. 58.

Covlin was sentenced to eighty-four months in custody and three years of supervised release after pleading guilty to possession of methamphetamine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. His supervised release commenced on September 16, 2025, and is set to expire on September 15, 2028.

Since his release on supervision, Covlin has returned to work as a longshoreman with the Port of Tacoma, with hopes of rejoining his local union. He has also obtained stable housing and has been working to maintain his clean and sober lifestyle by

completing a 12-month program through Crossroads Treatment Center in Tacoma, from which he recently graduated, and by cultivating a supportive community around him through participation in a sober softball team. He is also working on reconnecting with his children, who live in Nevada. He hopes to travel more freely and frequently to visit them and hopes that he and his ex-wife can settle on a parenting plan that gives him custody for part of the year. Covlin claims that he has been fully compliant with the terms of his supervised release and argues that supervision is no longer necessary.

Probation confirms that Covlin has adhered to his conditions of supervised release. It notes that Covlin has consistently provided negative urinalysis samples, has stable housing, is employed full-time, and has been trusted to travel outside the district on numerous occasions without incident. However, while Probation agrees that Covlin has "performed well overall" while on supervised release, it declines to endorse Covlin's motion for early termination, expressing concerns about his criminal history and the fact that he has "multiple prior convictions for assault." Dkt. 61.

The Government opposes Covlin's motion. Like Probation, it commends Covlin on his progress but notes that he only recently graduated from the treatment program at Crossroads and argues that it is too early to know whether Covlin will be able to "handle the stressors of life without falling back into old patterns." Dkt. 60. It also argues that the Court must look at the underlying criminal conduct, which involved not only the trafficking of narcotics, but amassing many weapons and an improvised explosive device, all of which he was prohibited from possessing. It suggests that it might concur in recommending early termination at a future date but argues that this motion is premature.

Covlin has demonstrated the ability to lawfully self-manage thus far, as indicated by his commitment to sobriety, having maintained full-time employment and stable housing, and his engagement with his family and social network. The Court commends him for his efforts. However, Covlin has only recently graduated from his treatment program, and the Court sees benefit in continuing him on supervision to ensure that his positive lifestyle choices stick. If Covlin renews his motion in five months and has otherwise maintained compliance with the terms of this supervision, it is likely that the Court would grant it. At this time, the motion is **DENIED**.

**IT IS SO ORDERED**.

Dated this 9th day of November, 2026.

BENJAMIN H. SETTLE
United States District Judge